UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, )<br>as subrogee of DORADO ENTERPRISES )<br>and DORADO ENTERPRISES, )<br>                                                  )<br>    Plaintiffs, )<br>                                                  )<br>    v. )   CAUSE NO.: 1:16-CV-227-TLS<br>                                                  )<br>TOTAL PROPERTY CARE, INC., )<br>DESIGN COLLABORATIVE, INC., and )<br>RICH BUSFIELD, )<br>                                                  )<br>    Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on a Motion for Summary Judgment [ECF No. 32] filed by Defendants Design Collaborative, Inc. and Rich Busfield ("the Movants"). The Plaintiffs, Scottsdale Insurance Company, as subrogee of Dorado Enterprises, and Dorado Enterprises ("the Plaintiffs"), filed their Second Amended Complaint [ECF No. 21] on November 8, 2016, asserting breach of the implied warranty of merchantability and breach of contract against TPC and negligence against the Movants. The Movants now argue that the Plaintiffs are barred as to their negligence claim under Indiana's economic loss doctrine. On July 25, 2017, the Court granted the Plaintiffs an extension of time in which to respond to the Motion [ECF No. 44], setting a deadline of August 28, 2017. The Plaintiffs have failed to file a response.

## FACTUAL BACKGROUND

The following background is taken from the pleadings as well as the Movants' statement of material facts included in their Motion for Summary Judgment. Scottsdale's insured, Dorado Enterprises ("Dorado") contracted with the owner of Eddie Merlot's Restaurants, Platinum Restaurants, LLC ("Platinum"), to act as the general contractor for the build-outs of three restaurants in various states. TPC manufactured and sold the lighting fixtures, or "rafts," to be installed at these restaurants. Defendants Design Collaborative and Rich Busfield were responsible for designing the restaurants and the rafts, which housed can lights and fire sprinklers and were designed to be suspended from the ceiling. Shortly after installation, the laminate to which the rafts were attached failed, resulting in repair and replacement costs.

Platinum was the party responsible for contracting with the Movants for the architectural design of the restaurants and the rafts. There is no contract regarding such design between the Movants and the Plaintiffs. Because the Plaintiffs presumably have no breach of contract claim against the Movants relating to the current action, the Plaintiffs assert that the Movants were negligent in the design and installation of the rafts. The Plaintiffs seek to recover monetary damages in "the amounts it has paid to Platinum to resolve the issues caused by the defectively designed or manufactured rafts." (Compl. ¶ 14.)

## STANDARD OF REVIEW

Summary judgment is proper where the evidence of record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record it

believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment. *Id.* at 324. "[A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material issue, then the Court must enter summary judgment against it. *Id.*

**ANALYSIS**

The Movants argue that the Plaintiffs' claim of negligence must fail under the economic loss doctrine. In Indiana, "under general negligence law . . . damage from a defective product or service may be recoverable under a tort theory if the defect causes personal injury or damage to other property, but contract law governs damage to the product or service itself and purely economic loss arising from the failure of the product or service to perform as expected." *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 153 (Ind. 2005). That is, "where the loss is solely economic in nature, as where the only claim of loss relates to the product's failure to live up to expectations, and in the absence of damage to other property or person," a party's available remedy sounds only in contract. *Id.* at 152 (quoting *Reed v. Central Soya Co., Inc.*, 621 N.E.2d 1069, 1074–75 (Ind. 1993). "[E]conomic loss has been defined by Indiana courts as 'the diminution in the value of a product and consequent loss of profits because the product is inferior in quality and does not work for the general purposes for which it was manufactured and sold.'" *Id.* at 154 (quoting *Reed*, 621 N.E.2d at 1074). "Damage to the product itself, including costs of its repair or reconstruction, is an 'economic loss' even though it may have a component of

3

physical destruction." *Id.* (citing *Progressive Ins. Co. v. Gen. Motors Corp.*, 749 N.E.2d 484, 488 (Ind. 2001)).

Indiana courts have expanded the scope of the doctrine to include cases involving real property and contracts for services, *see, e.g.*, *Jordan v. Talaga*, 532 N.E.2d 1174, 1181–82 (Ind. Ct. App. 1989); *Choung v. Iemma*, 708 N.E.2d 7, 14 (Ind. Ct. App. 1999); *Gunkel*, 822 N.E.2d at 155, and to include construction claims and disputes, *see, e.g.*, *Indianapolis-Marion Cty Pub. Library v. Charlier, Clark & Linard, P.C.*, 929 N.E.2d 722, 735–36 (Ind. 2010); *Gunkel*, 822 N.E. 2d at 155; *Stelko Elec., Inc. v. Taylor Comm. Schools Bldg. Corp.*, 826 N.E.2d 152, 159–60 (Ind. Ct. App. 2005); *Peyronnin Const. Co. v. Weiss*, 208 N.E.2d 489, 494–96 (Ind. Ct. App. 1965).

"[*I*]*n general* there is no liability in tort for pure economic loss caused unintentionally." *Indianapolis-Marion Cty. Pub. Library*, 929 N.E.2d at 736 (emphasis in original). "Economic losses may be defined as 'damage for inadequate value, costs of repair and replacement of the defective product . . . to recover in negligence there must be a showing of harm above and beyond disappointed expectations.'" *Jordan*, 532 N.E.2d at 1181 (quoting *Redarowicz v. Ohlendorf*, 441 N.E.2d 324, 327 (Ill. 1982)). This analysis applies equally to negligence claims against professionals, such as architects and engineers, for claims arising out of the performance of their services on construction projects. *Id.* at 741.

Thus, the only issue the Court must decide for the purposes of the instant Motion is whether the damages sustained by the Plaintiffs are solely economic in nature. In this case, the Plaintiffs seek only monetary damages related to the failed rafts in their Complaint. Specifically, the Plaintiffs seek monetary damages in an amount to pay "for the replacement of all defective rafts." (Compl. ¶ 13.) There are no allegations of physical harm, there are no allegations of

damage to "other property," and there are no allegations of "harm above and beyond disappointed expectations." Thus, the Court finds that the Plaintiffs seek only economic damages; their remedy therefore sounds in contract law. Because no contract has been alleged between the Plaintiffs and the Movants, as a matter of law, the Plaintiffs cannot recover against either Design Collaborative, Inc. or Rich Busfield.

For these reasons, the Court GRANTS Defendants Design Collaborative, Inc. and Rich Busfield's Motion for Summary Judgment [ECF. No. 33]. All remaining claims against Total Property Care, Inc. remain pending.

SO ORDERED on October 10, 2017.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT