# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:16-cv-00227-TLS-SLC ) |
| TOTAL PROPERTY CARE INC., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

### A. Background

Dorado Enterprises and Scottsdale Insurance Company (as subrogee of Dorado Enterprises) (together "Plaintiffs") bring the instant action, alleging that Defendant Total Property Care, Inc. ("TPC"), manufactured and sold defective lighting fixtures or rafts to Plaintiffs. (DE 21). Dorado acted as a general contractor for build-outs of three restaurants (one in Michigan, one in Illinois, and one in Pennsylvania). (DE 21 ¶ 2). Dorado purchased and installed lighting rafts from TPC for the three restaurants. (DE 21 ¶ 2). Shortly after installation, the lighting rafts failed and began to fall to the floor; Dorado settled with the restaurants in mediation, and then Dorado sued TPC. (DE 21 ¶¶ 3-9).

In February 2015, Plaintiffs gave TPC an opportunity to inspect the allegedly defective lighting rafts; however, TPC declined to do so. (DE 56-1; DE 56-2). Selective Insurance, who insured TPC, then began communicating with Plaintiffs on TPC's behalf and a representative of TPC told Plaintiffs that TPC would "defer to [Selective] as to further proceedings." (DE 56-3). In April 2016, Plaintiffs informed Selective that their expert retained the defective lighting rafts from Michigan and Illinois in anticipation of litigation, but that the Pennsylvania lighting rafts

would be dismantled soon as part of the repairs to the Pennsylvania restaurant. (DE 56-4). Plaintiffs offered Selective the opportunity to inspect the Pennsylvania lighting rafts before they were destroyed. (DE 56-4).

Plaintiffs filed this action against Defendants on June 22, 2016. (DE 1). A preliminary pretrial conference was conducted on September 13, 2016, setting a discovery deadline of May 30, 2017, which was later extended to December 31, 2017. (DE 15; DE 43). A representative for TPC, Mr. Canfield, was supposed to be deposed by Plaintiffs on December 11, 2017. (DE 45 at 3). However, Mr. Canfield became ill, and the parties filed a joint motion to extend the discovery deadline so that Mr. Canfield could be deposed later. (DE 49). The Court granted the motion, and the parties were given to and including January 11, 2018, to complete discovery. (DE 50).

On December 21, 2017, TPC served Plaintiffs and Plaintiffs' expert with discovery requests, both of which included a request to produce each allegedly defective lighting raft. (DE 53-1; DE 53-2). Plaintiffs and their expert did not respond to the discovery requests.

On March 16, 2018, TPC filed the instant motion for sanctions, alleging that Plaintiffs and their expert had not responded to its discovery requesting the production of the defective lighting rafts, and that counsel for Plaintiffs represented that these lighting rafts had not been preserved for litigation. (DE 53). As a consequence, TPC requests that the Court: (1) dismiss the case; (2) rule that nobody can testify as to the examination of the now missing lighting rafts; or (3) extend the time to file dispositive motions.

On April 30, 2018, Plaintiffs responded that they were not obligated to respond to TPC's discovery requests because they were not timely served—the requests were served on December 21, 2017, less than 30 days before the close of discovery on January 11, 2018. (DE 56). Further,

Plaintiffs represent that portions of the allegedly defective lighting rafts have been preserved and will be available for TPC's inspection at trial. (DE 56).

On May 2, 2018, TPC filed a reply claiming that the parties had intended for the request for an extension of time to January 11, 2018, to complete discovery to also allow time for Plaintiffs to respond to TPC's discovery requests. (DE 57).

On May 3, 2018, the Court held a telephonic hearing on TPC's motion for sanctions. (DE 58). At the hearing, Plaintiffs represented that they retained portions of the Pennsylvania lighting rafts and that their expert's report contains a description of the condition of the Pennsylvania lighting rafts before they were dismantled. TPC requested that the Court re-open discovery in this case to obtain responses to its discovery requests issued in December 2017.

### B. Legal Standard

"A party has a duty to preserve evidence over which it has control and reasonably knows or could foresee would be material to a potential legal action." *Bryant v. Gardner*, 587 F. Supp. 2d 951, 967-68 (N.D. Ill. Nov. 21, 2008) ("The Court has discretion to sanction a party for spoliation of evidence." (citation omitted)); *see also ChampionsWorld, LLC v. U.S. Soccer Fed'n*, 276 F.R.D 577, 582 (N.D. Ill. Aug. 17, 2011) (citation omitted). "Sanctions [for spoliation of evidence] include awarding reasonable expenses, attorney fees, barring evidence or arguments, permitting adverse inferences, and dismissing claims or entering default judgment." *Bryant*, 587 F. Supp. 2d at 968 (citations omitted); *see Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010) ("In order to draw an inference that the missing documents contained information adverse to the defendants, [the plaintiff] must demonstrate that the defendants intentionally destroyed the documents in bad faith." (citations omitted)).

"Apart from the discovery rule, a court has the inherent authority to manage judicial

proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemat, Inc.*, 845 F.3d 772, 776 (7th Cir. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991)). In finding that sanctions for spoilation are appropriate, a Court must be satisfied:

> (1) that there was a duty to preserve the specific documents and/or evidence, (2) that the duty was breached, (3) the culpability for the breach rises to a level of willfulness, bad faith or fault, (4) the party seeking the evidence suffered prejudice as a result of the breach, and (5) an appropriate sanction can ameliorate the breach.

*Cahill v. Sheriff of Cook Cty. Thomas Dart*, No. 13 C 361, 2016 WL 7093434, at *4 (N.D. Ill. Mar. 4, 2016), R&R adopted as modified *sub nom. Cahill v. Dart*, No. 13-CV-361, 2016 WL 7034139 (N.D. Ill. Dec. 2, 2016).

It is also generally true that a party is not entitled to discovery when serving responses less than 30 days prior to the close of discovery. *See Lackey v. Biomet Inc.*, No. 1:09-CV-00363, 2011 WL 672589, at *2 (N.D. Ind. Feb. 17, 2011) ("Therefore, absent a stipulation, interrogatories, requests for production, and almost all discovery must be served at least thirty days prior to the completion of discovery." (collecting cases)); *Shadle v. First Fin. Bank*, N.A., No. 1:09-CV-37, 2009 WL 3787006, at *1 (N.D. Ind. Nov. 10, 2009) ("Here, Shadle served his discovery request on September 22, 2009, creating a response date for First Financial several weeks after the October 7, 2009, discovery deadline for the completion of all discovery." (citations omitted)).

### C. Analysis

First, Plaintiffs' failure to respond to TPC's discovery requests is excused because even

with the extension of discovery to January 11, 2018, TPC served its discovery requests on Plaintiffs less than 30 days before the close discovery. TPC's assertion that the motion for an extension of time to complete discovery was supposed to allow additional time for Plaintiffs to respond to the discovery requests is not persuasive, as the motion explicitly stated that the reason for the extension was to depose Mr. Canfield and made no mention of TPC's discovery requests. Moreover, even if the motion for an extension was meant to allow Plaintiffs more time to respond to TPC's discovery request, there is no stipulation in the record to that effect. *See Lackey*, 2011 WL 672589, at *2 ("Therefore, absent a *stipulation*, interrogatories, requests for production, and almost all discovery must be served at least thirty days prior to the completion of discovery."). Because Plaintiffs' failure to respond to the discovery requests is excused, TPC is not entitled to any sanctions on this basis.

As to Plaintiffs' failure to preserve the Pennsylvania lighting rafts, TPC has not presented evidence that Plaintiffs acted in bad faith. To the contrary, Plaintiffs openly communicated with TPC about dismantling the Pennsylvania lighting rafts and provided Selective, on behalf of TPC, the opportunity to inspect the lighting rafts before they were dismantled. Moreover, Plaintiffs apparently dismantled the lighting rafts in the process of replacing them, not for the purpose of "hiding adverse information." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). Therefore, TPC has not demonstrated that Plaintiffs acted in bad faith in dismantling the Pennsylvania lighting rafts, and thus, TPC is not entitled to the sanction of dismissal based on spoilation.

As to the requested sanction of precluding anyone to testify as to any examination of the now missing lighting rafts, the Court notes that re-opening discovery and allowing the parties to obtain discovery regarding the lighting rafts may illuminate issues relevant to TPC's motion for

sanctions.  For example, if TPC is given the opportunity to inspect the lighting rafts it may become clear whether TPC has been prejudiced by Plaintiffs' failure to preserve all of the lighting rafts in their entirety, and what, if any, sanction would remedy any such prejudice.  *See Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 515 (7th Cir. 1997) ("An award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." (citation and internal quotation marks omitted)); *Am. Family Mut. Ins., Co. v. Roth*, No. 05 C 3839, 2009 WL 982788, at *14 (N.D. Ill. Feb. 20, 2009) ("While prejudice is not an essential precondition to an award of sanctions, the choice of sanctions is a function of the prejudice suffered.").

Accordingly, the Court finds it premature on this record to preclude any evidence as to examinations of the now missing lighting rafts.  TPC may raise this issue in connection with pretrial motions should additional discovery support such a motion.  Therefore, the Court DENIES TPC's motion for sanctions (DE 53) and *sua sponte* REOPENS discovery affording the parties to and including July 9, 2018, to complete discovery.

SO ORDERED.

Enter for this 24th day of May 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge